1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    THERESA BROOKE,                          Case No. 19-cv-07506-JST   (JSC)

         Plaintiff,
8
                                              ORDER RE MOTION FOR LEAVE TO
9        v.                                   FILE MOTION FOR
                                              RECONSIDERATION
10   REGENCY HOSPITALITY LLC,
                                              Re: Dkt. No. 28
         Defendant.
11

12

13       In this Americans With Disabilities Act access case Plaintiff alleges that when she visited

14   Defendant's website it did not offer the option of an ADA accessible room with two beds.

15   Following a hearing on July 16, 2020, and by Order filed that same date, the Court stayed the joint

16   site inspection requirement of General Order 56.  The Court ruled that the parties could instead

17   move directly to their settlement meeting.  The Court's reasoning was that this is a case about

18   what was available on the website, not whether the hotel actually offered accessible rooms.  This

19   limitation on Plaintiff's lawsuit is illustrated by her failure to allege that once she encountered the

20   alleged barrier on the website, she made no other effort to determine if the hotel in fact offered

21   accessible rooms with two beds.  For example, she did not telephone the hotel and ask if such

22   accommodation is available.  And, in opposition to Defendant's motion to dismiss, she argued that

23   the website provided the information she needed to know that the hotel was not ADA compliant.

24   (Dkt. No. 18 at 6.)  Thus, no physical inspection of the hotel is required to prove her claim.  Even

25   if the hotel does offer two-bed ADA compliant rooms, she was dissuaded from visiting the hotel

26   because the website did not advertise the rooms' availability.

27       Now pending before the Court is Plaintiff's motion for leave to file a motion for

28   reconsideration.  (Dkt. No. 28.)  Plaintiff relies on subsequent legal authority to justify

United States District Court
Northern District of California

United States District Court
Northern District of California

1  reconsideration.  Neither is persuasive.  First, in *Brooke v. AJU Hotel Silicon* Valley, 19-cv-0411-

2  SVK, the Court held that the crux of the case was whether "the ADA compliant standard and suite

3  rooms are 'comparable' to the non-ADA compliant king and suite rooms."  (Dkt. No. 69 at 2.)

4  The court held that a site inspection was needed to access the issue of comparability.  (*Id.*)  No

5  similar issue of comparability is alleged in this case.  It is obvious that a single-bed room is not

6  comparable to a two-bed room: the single bed room does not provide the option for two people to

7  sleep in different beds.  The Amended Complaint's allegations make clear that the issue is that the

8  hotel website only offered single-bed accessible rooms.  *See Brooke v. Rihh*, 19-cv-06852-SI (Dkt.

9  No. 30, May 11, 2020).

10  Plaintiff's reliance on the Chief Judge's recent order allowing parties to replace the joint

11  site inspection with an agreed-to alternative process misses the point.  As a discovery matter, no

12  joint site inspection is needed to gather evidence to prove Plaintiff's claim as currently pled.

13  Instead, pursuant to General Order 56, the parties should proceed to the settlement meeting and,

14  once held, and if the case does not settle, then file their request for mediation in complaint with

15  General Order 56.

16  Finally, the Court's order barring Plaintiff from on her own and unaccompanied by counsel

17  visiting the defendant hotel is vacated.  While such visit may be unwise in light of the Covid-19

18  pandemic, the Court is not aware of any legal authority for imposing such a ban provided Plaintiff

19  is not accompanied by her counsel.  If Defendant believes otherwise, then it should file a motion

20  with legal authority to support its position.

21  This Order disposes of Docket No. 28.

22  **IT IS SO ORDERED.**

23  Dated: August 14, 2020

24

25

26  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

27

28